PROST, Circuit Judge,
dissenting.
I respectfully dissent because, in my view, there is a tension between the equivalence and nonobviousness inquiries presented in this appeal.
As it has here, this tension comes to light when a patentee asserts the doctrine of equivalents against some feature that the U.S. Patent and Trademark Office (“PTO”) declared to be a point of novelty in a separate patent. To prevail on equivalence, the patentee must prove that the feature is insubstantially different from the limitations of his asserted claim. Graver Tank & Mfg. Co. v. Linde Air Prods. Co., 339 U.S. 605, 610, 70 S.Ct. 854, 94 L.Ed. 1097 (1950); accord Chiuminatta Concrete Concepts, Inc. v. Cardinal Indus., Inc., 145 F.3d 1303, 1310 (Fed.Cir. 1998). In an ordinary case, we would say that the patentee’s efforts to prove infringement will not be hindered by an accused infringer’s proof of separate patenting. Atlas Powder Co. v. E.I. du Pont De Nemours & Co., 750 F.2d 1569, 1581 (Fed.Cir.1984). The equivalence analysis, however, presents a unique circumstance.
Where equivalence is used against a feature that is separately patented, the patentee’s attempts to show that the feature is insubstantially different from the asserted patent crash into the well-settled presumption that patents are nonobvious over the prior art. See Zygo Corp. v. Wyko Corp., 79 F.3d 1563, 1570 (Fed.Cir.1996). When a fact finder concludes that a feature is “insubstantially different” from a patent, how are we then to view the validity of the patent putatively establishing that same feature as “nonobvious”?
Examining the legal standards underlying obviousness and equivalence only emphasizes the potential for overlap. The Supreme Court has instructed us that four factors should be used in assessing obviousness: (1) the scope and content of the prior art, (2) the differences between the prior art and the claims, (3) the level of ordinary skill in the art, and (4) secondary *1292 considerations such as commercial success, unexpected results, and long-felt need. Graham v. John Deere Co. of Kan. City, 383 U.S. 1, 17-18, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966); accord Syntex (U.S.A.) LLC v. Apotex, Inc., 407 F.3d 1371, 1378 (Fed.Cir. 2005). These factors are intended to guide judges and juries in determining whether a hypothetical “skilled artisan” would have viewed the claimed invention as one that was suggested in a straightforward way by the prior art and the general level of knowledge in the field. KSR Int’l Co. v. Teleflex Inc., 550 U.S. 398, 417-18, 127 S.Ct. 1727, 167 L.Ed.2d 705 (2007). The caselaw is replete with courts elaborating these standards in the hope of making this difficult analysis as fair and straight-forward as possible.
The standard for equivalence — “insubstantial difference” — has also been well-explored. If a skilled artisan, at the time of the accused infringement, viewed a substitution to a patented invention as insubstantially different from the claim, the substitution is equivalent and infringement may arise. Graver Tank, 339 U.S. at 610, 70 S.Ct. 854; Warner-Jenkinson Co. v. Hilton Davis Chem. Co., 520 U.S. 17, 40, 117 S.Ct. 1040, 137 L.Ed.2d 146 (1997). The doctrine prevents accused infringers from evading liability by making “trivial” changes to the patented invention. Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., 535 U.S. 722, 733, 122 S.Ct. 1831, 152 L.Ed.2d 944 (2002). That a substitution is “trivial” or “insubstantially different” may be proved by showing that the substitution performs the same function, in the same way, with the same result as the technology of the claim limitation. Catalina Marketing Int’l, Inc. v. Coolsavings.com, Inc., 289 F.3d 801, 813 (Fed.Cir. 2002).
The majority reasons that these two tests, obviousness and equivalence, are separate from one another. But while the details differ, I find there is an inevitable area of overlap. Assume a court, applying Graver Tank and its progeny, found that to a person of skill in the art a substitution was insubstantially different from a claim limitation. Having so found, and setting aside (for the moment) consideration of the time frames at which obviousness and equivalence are assessed, the court would need only a further finding that the skilled artisan had some reason to make the substitution to find the limitation obvious under Graham and KSR.[1] This is not a high bar. For a truly insubstantial change, the predictability of outcome when substituting the one for the other suggests that a reason to combine will be easy to prove. Rothman v. Target Corp., 556 F.3d 1310, 1319 (Fed.Cir.2009).
I therefore disagree with the majority in that I do not view it acceptable to leave *1293 the fact-finder- — here, a jury- — -without instruction on how it might navigate the equivalence inquiry without undermining the presumption of nonobviousness that we must accord issued patents.
Judge Nies anticipated the challenge we face when she wrote, “a substitution in a patented invention cannot be both nonobvious and insubstantial.” Raton Barrier, Inc. v. Stanley Works, 79 F.3d 1112, 1128 (Fed.Cir.1996) (Nies, J., Additional Views). A similar concern was voiced by Judge Dyk (and quoted by the majority) in this court’s Festo decision. Maj. Op. at 1278-79 (quoting Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., 493 F.3d 1368, 1379-80 (Fed.Cir.2007)). This appeal now squarely presents the issue.
I believe that the best path through this difficult situation is to expressly incorporate Judges Nies and Dyk’s reasoning into the equivalence analysis: a separately-patented (and presumptively nonobvious) substitution cannot be “insubstantial” unless some fact distinguishes the equivalence finding from the PTO’s earlier nonobviousness determination.
The passage of time presents one opportunity for such a distinction. The majority is correct that an equivalence analysis differs from an obviousness analysis in the time frame concerned. Obviousness is assessed at the time of the invention, and equivalence at the time of the alleged infringement. A finding that, from the time of the separately-patented invention to the time of accused infringement, the state of the art advanced in such a way as to make a previously non-obvious substitution obvious, would allow an equivalence finding without upsetting the presumption of non-obviousness. In the absence of such a finding, in my view a separately-patented substitution may not be held equivalent.
Returning to the present appeal, I believe the trial court should have given more direct guidance to the jury concerning the effect the '420 patent’s separate coverage of Saint-Gobain’s 10% Y LYSO crystals had on the jury’s duty as fact finder. Specifically, I believe it was reversible error for the court not to inform the jury that it could find equivalence if and only if it also found that the state of the art concerning LSO crystals had advanced from the time of the '420 patent’s invention to the alleged infringement so that the 10% Y composition, though previously nonobvious, had become obvious and insubstantial.[2] I therefore respectfully dissent.

. In the past, some litigants attempted to avoid this second step entirely, and prove "anticipation by equivalents.” This court rejected that theory, holding that a claim is invalid under § 102 if and only if each and every limitation of the claim is literally present in a single prior art reference. But while it rejected "anticipation by equivalents,” this court noted that the doctrine of equivalents was, "if one wished to draw a parallel, ... somewhat akin to obviousness.” Lewmar Marine, Inc. v. Barient, Inc., 827 F.2d 744, 748 (Fed.Cir. 1987); see also Richardson v. Suzuki Motor Co., 868 F.2d 1226, 1236 (Fed.Cir. 1989) (discussing the doctrine of equivalents as "a legal theory that is pertinent to obviousness under Section 103, not to anticipation under Section 102”). Notably, however, this court has declined to extend the doctrine of equivalents to cover on infringement embodiments that were present in the prior art. Wilson Sporting Goods Co. v. David Geoffrey & Assocs., 904 F.2d 677, 685 (Fed.Cir. 1990), overruled in part on other grounds by Cardinal Chem. Co. v. Morton Int’l, Inc., 508 U.S. 83, 99-103, 113 S.Ct. 1967, 124 L.Ed.2d 1 (1993).

. In this appeal, Saint-Gobain sought a jury instruction emphasizing the '420 patent’s presumption of validity. I believe such an instruction should have been given, and so dissent. But in my view the additional guidance set forth herein was necessary to give full effect to the instruction Saint-Gobain articulated.